So I will turn to the calendar. The first case is United States of America v. Jose Luis Grasecki. If I'm mispronouncing it, I assume you will enlighten me. Counsel? May it please the court. My name is Anthony Secuti. I was appointed to represent Mr. Jose Luis Grasecki. Grasecki, thank you. That's correct. In the district court, and my appointment continues before this court on appeal. In the limited time that I have this morning, I wanted to start with the argument related to the district court supplemental instructions that were given. Specifically, I think it's important for the court to recognize the context in which these instructions were given. Mr. Grasecki had gone to trial. And on the second day, the jury began communicating that they were struggling, that they were confused, that they were having problems. That was the exact words that were given back on January 28, 2016 in their note. This followed with another note the next day, in which they sought clarification concerning the acts of Mr. Grasecki. And that began a debate in which the court, in our view, gave an unbalanced and misleading instruction. And the government, in turn, sought to argue a accomplice liability theory for the first time in the trial and before the trial. We had emphasized that the court should make it very clear to the jury what the government's theory was, and that Mr. Grasecki was the alleged shooter in two homicides. Their confusion peaked on January 29 with a second note where the jury asked, is it possible to be found guilty of murder while engaged in a drug crime without pulling the trigger? This was a particularly important note. We emphasized that the answer to that question was a clear no in the context of this particular case. Not in the context of the law. The law allows convictions for aiding and abetting. Your Honor, that is correct. However, I believe in this particular case. The government had argued the way you've indicated, that your client was the shooter. That is correct. And I believe that the jury's notes reflected their struggle and their confusion, and they sought clarity. And it seems fairly evident that what they were doing was questioning at least one of the cooperating witnesses as to whether or not that witness might have been the shooter rather than your client. Those are all possibilities. We don't know. But I think what's clear here is the jury's struggling. And they're confused about evaluating the evidence in the case. And under Rosamondo, what was required by the district court was to provide a clear instruction as to what the government's theory actually was with respect to my client. So the statute under which the defendant was indicted and tried included aiding and abetting as part of the offense, did it not? That's correct, Your Honor. But your complaint is that all the evidence presented at trial was that the defendant was the actual shooter, not an aider and abetter. That's correct. All throughout the pretrial litigation, the government's position was. That's true. Don't confuse the evidence with the government's position. The government's position was, as you say, the evidence indicated that the man was shot and that three people were engaged in a conspiracy to do that, and that two of them were there at the time of the shooting. And they had followed in separate cars. So let's assume that the jury believed that the other guy who was in the other car was the one who was the shooter, the guy who testified, and not your client, or at least had some doubt about it, but accepted the fact that there was a murder, and both of them were there, and that he was killed. And both of them participated in it. Either as the shooter or the aider and abetter. Why wouldn't that be consistent with the outcome of the verdict and also consistent with the law that was given? I think they're all different hypotheticals, and they're all different possibilities that could have been in the jury's mind, or we could be articulating this morning. But I think what's. Consistent with the instructions is what I'm really coming to. Why couldn't the jury follow the instructions and reach the verdict it did? After the supplementals, but considering the instructions as a whole. I think here I go back to the point that the jury was struggling. They had issued, they had written several notes. Not unusual for jurors to struggle. And they had clearly indicated that they were in disagreement and needed guidance. And the district court judge needed to exercise what is required by him, which is a compelling duty to provide clarity. Isn't the bottom line whether there was sufficient guidance to enable a jury to reach a verdict, taking all of the instructions into consideration? I don't believe that that was provided. I think the jury was searching for that, and it was not provided. In what respect wasn't it provided? In the sense that the government chose to pursue an accomplice liability theory. We emphasize the importance of making it very clear that their theory was Mr. Grzeski is the shooter. And you have to evaluate the evidence and consider instructions based upon that particular theory. So they didn't give the government what the government wanted, and the judge didn't give you what you wanted. The judge let the instructions as they stood prevail. And exactly. So then the question is, what were the instructions that were given sufficient under the circumstances? Not whether they were perfect, not whether they aligned with what you wanted or what the other side wanted. Were they sufficient to sustain the verdict? I believe they were incomplete, and they were unbalanced. And it invited the jury to engage in speculation. And to- Can you tell me in what respect they were imbalanced as given? Because they simply did not make it clear to the jury what the government's theory was. When the jury asked the question with respect to what acts Mr. Grzeski- But a verdict can be based on the instructions and the evidence as it stands. And the jury is free to find another theory of guilt if they want to. I mean, they're not bound by the government's arguments and theories. Government's argument is just argument. It's what the evidence shows. And then you apply the instructions to those facts. And that's how the jury decides the case. That's understood, Your Honor. However, when the government chooses not to advance a particular theory in a case completely as they did here, they're not entitled to an instruction in any way on that particular theory, even where there is support, evidentiary support, for that theory. So in this case, again, the government is arguing unequivocally that Mr. Grzeski is the shooter. They argued that from start to finish in this case. And only until deliberations, midway through deliberations, did they pivot and start seeking to advance an accomplice liability theory. And as a result, the district court gave an instruction that in many ways was synonymous with the court's original instructions. That, in and of itself, resulted in a jury continuing to struggle and continuing to be confused. The government wasn't required, was it, to abandon the aiding and abetting instruction. I know it agreed to do that. And aiding and abetting was excised from the instructions at certain points in the conference. But still, there was aiding and abetting language in the instruction that went forward. It wasn't complete. But apart from that, I mean, that's sort of the background. But the government is still entitled to an aiding and abetting instruction, isn't it? Is it not? It didn't have to abandon it altogether. It chose to do so because it was holding to its theory. But it was incomplete. Excision was incomplete. I think the background is important. When the government decides at a charge conference to agree to eliminate aiding and abetting language, they have essentially abandoned that theory. And then again, during deliberations, midway through deliberations, the government decides to now retract that position, pivot, and- Maybe they thought they'd made a mistake. They didn't take into account the fact that the witnesses might be believed in certain respects and not in others. I don't know if that's a question for the government. Right. I might get there at some point. Mr. Cicutti, am I correct, though, that the original charge included the statutory language, counsel's commands, induces, procures, or causes the intentional killing? Your Honor, that is correct. When Mr. Grzeski was indicted back in 2010- No, the original charge to the jury. I'm sorry. Oh, yes. That is correct. But again, the government agreed to eliminate that language. No, it agreed to eliminate additional language with respect to aiding and abetting charges that it had requested. But the language I just read from the statute was in the charge originally given to the jury. Yes, that is correct, Your Honor. Thank you, counsel. You've reserved two minutes for rebuttal. Thank you. We'll hear from the government. May it please the court. My name is Brendan Quigley, and I'm an assistant United States attorney in the Southern District of New York. I represent the government on this appeal, and I represented the government at trial below. With respect to the supplemental instructions, I think Judge Walker was correct when I think he said, Judge Castell essentially let the court's initial instructions prevail, and also that there is no legal requirement under the statute that the defendant be the shooter. But that was what all your evidence led to, wasn't it? That was what we argued, Your Honor. But a jury is, of course, not required to believe every part of a witness' testimony of the government's case. The jury could have easily believed that the defendant and Mr. Guerrero and Mr. Velez-Gomez agreed to commit this murder, that they went out and conducted surveillance, and that the night of the murder, Guerrero and the defendant went, they followed their intended victim around Manhattan, and then one of them shot him. And without agreeing who shot him, that would all be sufficient to find a defendant guilty of count one. There was no evidence other than that Mr. Grzeski did the shooting. There wasn't evidence that Mr. Guerrero did it. He was in the car, allegedly. You put on no evidence that anyone but this defendant did the shooting. Isn't that correct? That is correct, Your Honor. But again, the jury is well within its rights. The jury is free to make up their own view of the evidence? No, the jury is free to credit some part of a witness' testimony, but not all of it. But there was no other evidence, is what I'm suggesting. Am I wrong about that? I agree with how Your Honor characterizes the testimony, but I think the point is that the jury is allowed to credit, does not need to accept a witness' testimony hook, line, and sinker. They can take parts of it and disagree with other parts. They didn't have to decide. What you're saying, I think, is that they didn't have to decide who the killer was, as long as both of them aided and abetted the killing. Yes, Your Honor. And one could have been the killer, the other could have been the killer, the shooter, and the jury could disagree on that. They could decide that whoever wasn't the shooter was an aider and abetter. And in any event, the shooter was equivalent of an aider and abetter, and they could convict on that basis. Exactly, Your Honor. There was no evidence that Mr. Guerrero, who was the only other person in the car, did the shooting, right? That's right, Your Honor. This defendant never took the stand. He did not, no. So how could they make up a theory that this defendant aided and abetted, rather than was the shooter? I don't think it's making up a theory. I know they were troubled. That's why they kept sending notes. I don't think it's making up a theory, Your Honor. I think it is crediting, and again, we don't know what happened in the jury room, anything is speculation, but under the law, the jury is entitled to credit some parts of a witness's testimony, but not all of it. But given Mr. Guerrero's testimony, I don't know how they could credit, I don't know what part would allow them to assume that this defendant was not the shooter. Or they could disbelieve all of it. They could believe all of it.  They could believe some of it, Your Honor. That's, the court has, this court has repeatedly said that a jury need not accept a witness's testimony in its entirety. It was the government's theory that Mr., that this defendant was the shooter in both cases. That's correct, Your Honor, yes. All right, continue. Your Honor, with respect to the defendant's other arguments, the evidence was more than sufficient on count one, that Grosetsky had sufficient knowledge of the narcotics conspiracy underlying that count, and that he knowingly and intentionally joined in it. Judge Castell's pretrial rulings on severance and the admissibility of other acts evidence were not an abuse of discretion. If the court has no further questions, we'll rest on our briefs. Thank you, counsel. Mr. Security, you have two minutes for rebuttal. With respect to our argument related to supplemental, the supplemental instructions that were given, I wanted to highlight in a brief limited time that I do have the prejudice that I encountered as a result of those instructions. Before you go further, I want you to deal with the question asked by Judge Cote. I mean, they were told aiding and abetting at the start, and the supplemental instruction said, I'm gonna read something I read before, and I commend that to you as well. So they had it in front of them. Did they not? That's correct, they did. So go on. With respect to the government's decision, again, to pivot during deliberations and advance this accomplice liability theory, I was prejudiced, our defense team was prejudiced in the sense that we were unable to go back in time and cross-examine witnesses in a manner that would include such a theory or even argue on summation that particular theory. When you say they pivoted, what did they do? I mean, they didn't present additional evidence to the jury. No, but they, in oral argument and in written argument, sought to advance this accomplice liability theory by asking Judge- Which was always there, as you concede. It was there theoretically, Your Honor, in the sense that it was charged in the indictment, but it was never practically- It's not theoretical. It's charged in the indictment, and the jury is told that the evidence is what counts, not what the lawyers say, and they then are charged that aiding and abetting is a basis for liability. Understood, Your Honor. However, when the government adopts a clear-cut theory and says that my client was the shooter from start to finish, that is going to be my focus on summation, and that was my entire focus on summation. But your defense here was that he wasn't even there, right? He was not involved in either murder. Not involved in either murder, as an aider and abetter or otherwise. That was your defense. Yes. So the defense would have been the same. No, it would not, Your Honor. We would have developed and attacked the cooperator's assessment and testimony with respect to how Mr. Grzeski would have been an accomplice. Our focus was he was the shooter, and we attacked their testimony on the particular acts in which he was accused of being the shooter. That was our focus. And when the government abandoned the accomplice liability theory, that became our focus. And when they pivoted and sought to advance a different theory, we were unable, at that point, to focus on other areas in which he could have been convicted. Okay. Thank you. Thank you. Thank you both.